**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DERRICK DAVIES,

     Petitioner-Appellant,

v.

WARDEN ESTEP, Fremont Corr.
Facility; ATTORNEY GENERAL OF
THE STATE OF COLORADO,

     Respondents-Appellees.

No. 07-1320

(D.C. No. 07-cv-575-ZLW)
(D. Colorado)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

---

Derrick Davies, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 application for federal habeas relief.  Because Davies has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

Davies, a former high school chemistry teacher, pleaded guilty in November 2005

in the El Paso County (Colorado) District Court to sexual assault on a child by one in a

---

    [*]This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

position of trust, and was sentenced to a term of imprisonment of three years to life. Davies did not file a direct appeal. On March 22, 2007, Davies filed a pro se motion with the state trial court entitled "Independent Motion Challenging Inpersom [sic] Jurisdiction of Constitutional Requirements." On its face, Davies' motion listed the "United States of America" as "Plaintiff" and himself as the "Defendant/©citizen." In a series of rambling and oftentimes incoherent allegations, Davies asserted in the motion that he was "a white male Common Law [C]itizen of the Sovereign Colorado Republic" who "ha[d] never to the best of his knowledge and belief, knowingly, intentionally, and voluntarily surrendered his original status as a Common Law [C]itizen of the several states to become a so-called 14th Amendment Federal [citizen] who [wa]s subject to the jurisdiction of the 'United States.'" ROA, Vol. I, Doc. 2 at 41 (brackets in original). The state trial court concluded that it lacked authority or jurisdiction to consider the relief requested by Davies.

On March 22, 2007, Davies, appearing pro se, filed the same "Independent Motion" in federal district court. Pursuant to the directions of the district court, Davies subsequently filed, on forms provided to him by the district court, an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Davies' application requested that his state court "case [be] dismissed" and he "be released from prison immediately" based on the allegations in his "Independent Motion." Id., Doc. 4 at 9. On July 20, 2007, the district court issued an order and judgment of dismissal. Although the district court noted that Davies had not exhausted his state court remedies, it chose to deny the application on

2

the merits pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). More specifically, the district court noted that "[f]or the most part, . . . Davies' claims [we]re nonsensical" and that Davies had "fail[ed] to assert a federal constitutional claim with respect to the state conviction that he appear[ed] to be challenging." Id., Doc. 9 at 2-3. The district court subsequently denied Davies' request for a COA.

Davies has now renewed his request for COA with this court. Davies has also filed a motion to proceed in forma pauperis on appeal.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

For substantially the reasons stated in the district court's order and judgment of

3

dismissal, we conclude that Davies has failed to make the requisite showing for the issuance of a COA.  Accordingly, the motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge